**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:10 PM January 14, 2014**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| BRENDA K. GEE, | ) | CASE NO. 13-61483 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

On August 16, 2013, Toby L. Rosen, the chapter 13 trustee ("Trustee"), filed an objection to confirmation of Debtor's plan on several grounds, including 11 U.S.C. § 1325(a)(4). Under this provision, Trustee alleges Debtor's plan fails to contribute sufficient funds to meet the chapter 7 liquidation value because Debtor does not include her equity in a parcel of real estate located at 4162 Schneiders Crossing Road NW, Dover, Ohio ("Schneiders Crossing").[1] Debtor claims the property is exempt under Ohio Revised Code 2329.66(A)(1)(a). Although an evidentiary hearing was set for October 22, 2013, it did not go forward after Debtor pointed out that Trustee failed to file an objection to her exemption in the real estate. Trustee claims the totality of her action constitutes an informal objection. The parties submitted briefs in support of their respective positions.

---

1 Debtor owns two parcels on Schneiders Crossing Road but only the parcel with the house is at issue.

1

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012.   In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.   The following constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

This opinion is not intended for publication or citation.   The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtor filed her chapter 13 case on June 6, 2013.   On Schedule A, she included interests in real property located at 415 East Front Street, Dover, Ohio ("Front Street") and Schneiders Crossing.   The petition identified Front Street as her residence.   She valued Schneiders crossing at $120,000.00 and claimed a $120,000.00 exemption under O.R.C. § 2329.66(A)(1).   According to Schedule D, there are no liens against the Schneiders Crossing property.

On June 17, 2013, Debtor filed a change of address with the court requesting Schneiders Crossing be identified as her mailing address.   She also amended the voluntary petition to list Schneiders Crossing as her address.

Trustee held the meeting of creditors on August 14, 2013.   Two days later, Trustee filed the objection to confirmation.   The objection references 11 U.S.C. § 1325(a)(4), identifies Schneiders Crossing as part of the liquidation value, and contends that unsecured creditors must receive 100% under the plan.   Trustee did not file a formal objection to Debtor's homestead exemption.

The court held a hearing on the objection to confirmation and scheduled an evidentiary hearing for October 22, 2013.   On October 22, 2013, the hearing was not held when Debtor raised Trustee's failure to object to the homestead exemption.   The court issued a briefing schedule. Trustee filed her brief on November 13, 2013, contending that since Debtor had notice of the grounds for her objection, the failure to file a formal objection to the homestead exemption is not dispositive.   Debtor disagrees.

## DISCUSSION

Bankruptcy Rule 4003 sets forth the deadlines to object to exemptions.   Fed.R.Bankr.P. 4003.   Under Rule 4003(b), an objection is due the later of thirty days after the conclusion of the meeting of creditors or within thirty days of an applicable amendment.   There is no dispute that Trustee failed to timely file a formal objection to Debtor's homestead exemption labeled as such within this time period.   Trustee maintains her opposition to the exemption was clearly expressed within the thirty day time period and should be recognized.

Both parties rely on the Supreme Court case Taylor v. Freeland & Kronz, 503 U.S. 638 (1992).   In Taylor, the debtor exempted the full value of potential proceeds from an employment

2

discrimination claim in spite of clearly only being entitled to exempt a small portion.   Believing the claim had no value, the trustee never filed an objection to the exemption, although "[s]everal days after the meeting, [he] wrote a letter to respondents telling them that he considered the potential proceeds of the lawsuit to be property of Davis' bankruptcy estate" and requested additional information about the claim.   Id. at 640.   When the debtor received a substantial recovery from the lawsuit, the trustee filed a complaint for turnover.   The bankruptcy court ruled in the trustee's favor, primarily on the basis that the debtor had no rights to exempt the proceeds. The District Court affirmed but the Third Circuit reversed because the debtor had claimed it as exempt and the trustee did not object to the exemption.   The Supreme Court and affirmed the Third Circuit's decision.

In Taylor, the Supreme Court focused on compliance with 11 U.S.C. § 522(l) and Federal Rule of Bankruptcy Procedure 4003(b) from a timing standpoint:

> Davis claimed the lawsuit proceeds as exempt on a list filed with
> the Bankruptcy Court.   Section 522(l), to repeat, says that "[u]nless
> a party in interest objects, the property claimed as exempt on such
> list is exempt."   Rule 4003(b) gives the trustee and creditors 30 days
> from the initial creditors' meeting to object.   By negative implication,
> the Rule indicates that creditors may not object after 30 days "unless,
> within such period, further time is granted by the court."   The Bank-
> ruptcy Court did not extend the 30-day period.   Section 522(l) there-
> fore has made the property exempt.   Taylor cannot contest the exemp-
> tion at this time whether or not Davis had a colorable statutory basis
> for claiming it.

Taylor at 643-44.

Trustee argues that Trustee argues that Taylor is distinguishable because the Trustee "clearly and unambiguously transmitted her objection to the debtor, and has raised her objection to the Exemption on the record prior to the expiration of the applicable deadline . . . ."   (Trustee's Brief, p. 1, ECF No. 44)   The court agrees that Taylor is distinguishable.   Unlike Taylor, the record of this case shows that Trustee here timely placed the exemption at issue.   Taylor did not address the *form* of the objection, which is the issue squarely before the court here.

Where form is concerned, courts have allowed various vehicles as a proxy for a formal objection to an exemption.   *See, e.g.,* Liberty State Bank and Tr. V. Grosslight (In re Grosslight), 757 F.2d 773 (6th Cir. 1985) (adversary proceeding); Havas Leasing Co. v. Breen (In re Breen), 123 B.R. 357 (B.A.P. 9th Cir. 1991) (motion for relief); In re Tatum-Charlemagne, 368 B.R. 654 (Bankr. N.D. Ohio 2006) (motion for turnover); In re Peters, 2003 WL 22331899 (Bankr. E.D. Pa. 2003) (objection to confirmation) (unreported); In re Betz, 273 B.R. 313 (Bankr. D. Mass. 2002) (response objecting to motion to avoid lien); *see also* Kenneth DeCourcy Ferguson, *Repose or Not?   Informal objections to Claims of Exemptions after Taylor v. Freeland*, 50 Okla. L. Rev. 45, 52-54 (1997) (discussing "surrogate objections").   These cases show that a formal objection to

3

exemption is not the only procedural mechanism for raising an objection to an exemption.  Debtor acknowledges as much but contends that the objection must be obvious in the proxy and was not in this case.

The Grosslight decision highlights two key criteria for "surrogate" objections to exemption:  timeliness and satisfaction of procedural concerns, which would undeniably include notice.  The former requirement comports with Taylor.  The latter satisfies the due process requirements of Rule 4003(b) which our sister court identified as the purpose of Rule 4003, timely notice.  Tatum-Charlemagne, 368 B.R. at 659 (citations omitted); *see also* In re Stanley, 143 B.R. 900 (Bankr. W.D. Mo. 1992).  Collier's treatise also supports this approach, stating:

> The propriety of the exemption claim may be raised in another
> proceeding.  To be an adequate substitute for a separate object-
> tion to exemptions, however, any such proceeding must clearly
> put the debtor and the debtor's counsel on notice of the objection
> to the exemptions claimed and be filed within the deadline set
> forth in Rule 4003(b).

9 Collier on Bankruptcy ¶ 4003.03[2], 4003-12 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011).  Conversely, when notice is absent, a proxy will be deemed insufficient to raise an objection to exemption.  Logan v. Williams (In re Williams), 400 B.R. 479 (Bankr. D. Md. 2008); Palatine Nat'l Bank v. Harrigan, 74 B.R. 224, 230 (N.D. Ill. 1987); In re Banke, 267 B.R. 852, 855 (Bankr. N.D. Iowa 2001).

Notice is also a hallmark of the correlative informal proof of claim doctrine.

> The intent of the informal Proof of Claim concept is to alleviate
> problems with form over substance; that is, equitably preventing
> the potentially devastating effect of the failure of a creditor to for-
> mally comply with the requirements of the Code in the filing of a
> Proof of Claim, when, in fact, pleadings filed by the party asser-
> ting the claim during the claims filing period in a bankruptcy case
> puts all parties on sufficient notice that a claim is asserted by a
> particular creditor.

Barlow v. M.J. Waterman & Assoc., Inc. (In re M.J. Waterman & Assoc., Inc.), 227 F.3d 604, 609 (6th Cir. 2000) (citing In re WPRV-TV, Inc., 102 B.R. 234, 238 (Bankr. E.D. Okla. 1989)).  Additionally, the Bankruptcy Court for the Eastern District of Pennsylvania noted the identical "form over substance" purpose for surrogate objections to exemptions in a case that bears some factual similarity to the present case. Peters, 2003 WL 22331899.  In Peters, where an objection to exemption was also couched within an objection to confirmation, the court rejected a debtor's argument for strict compliance, stating "[t]o ignore Watertower's objection to exemption on the technical grounds asserted by Debtor would be to elevate form over substance without any principled reason for so doing."  Id. at * 2.  These similarities in purpose convince the court that

4

a look at the informal proof of claim doctrine may be instructive for surrogate objections to exemption.

To be recognized, an informal proof of claim must be: (1) a writing, (2) that contains a demand on the estate, (3) expressing debtor's liability, and (4) filed with the court before the bar date. PCFS Fin. v. Spragin (In re Nowak), 586 F.3d 450, 455 (6th Cir. 2009). In large part, these requirements serve to mimic the requirements contained in formal proofs of claim under Federal Bankruptcy Rule 3001 and equivocate the notice an interested party would receive through a formal proof of claim. Consequently, the court finds that a surrogate objection to exemption must achieve no less than a formal objection would achieve.

Rule 4003(b)(1) requires the objection to be filed, so it must be in writing. *Accord* 9 Collier on Bankruptcy ¶ 4003.03[2]. And, as stated above, Taylor establishes strict adherence to the statutory time frame for filing an objection. Unlike informal proofs of claim, however, neither the code or rules set similar standards for the information that must be contained in an objection to exemption. Common sense dictates that an objection to exemption must advise interested parties which of debtor's claimed exemptions is at issue. With this backdrop, the court must therefore determine whether Debtor had timely notice of the Trustee's objection to Debtor's homestead exemption.

The 341 meeting was held and concluded on August 14, 2013. On August 16, 2013, Trustee filed a written objection to confirmation citing 11 U.S.C. § 1325(a)(3) and (4) which contained notations of "Schneider Crossing and Front Street Properties" and "Requires 100% Plan." On September 11, 2013, the court held a hearing on the objection to confirmation which clearly focused on Debtor's entitlement to the homestead exemption.[2] While the court recognizes the preference for a formal objection to exemption, there can be no argument that Debtor did not have timely notice of Trustee's objection to Debtor's homestead exemption. Even if Debtor could conceivably have not understood Trustee's notations,[3] her objection to Debtor's homestead exemption was manifestly clear at the September 11, 2013 hearing. Consequently, the court rejects Debtor's position.

The court finds that its decision advances "substance over form" without impermissibly impinging on Taylor. The court finds that Debtor had timely notice of Trustee's objection to Debtor's homestead exemption.

An order reflecting the decision of the court will be entered immediately.

#          #          #

---

2 Trustee claimed Debtor was not entitled to the exemption because she was not residing in the house at the time of filing. Debtor disputed this contention and the court set an evidentiary hearing to resolve the matter.
3 On Schedule A, the total value of the real estate is $214,120.00. Deducting exemptions on Schneiders Crossing totaling $121,225.00 and liens against Front St. in the amount of $71,261.00, leaves $21,634.00 in nonexempt equity. The unsecured debt total on Schedule F is over $100,000.00. Based on these figures, Trustee's notations are less cryptic than one may first think.

5

**Service List:**

John R Bates
436 Fair Avenue NW
New Philadelphia, OH 44663-1904

James F. Hausen
Bates and Hausen, LLC
215 E. Waterloo Rd
Suite #17
Akron, OH 44319

Brenda K. Gee
4162 Schneiders Crossing Rd NW
Dover, OH 44622

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702

6